FILED
United States Court of Appeals
Tenth Circuit

November 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BERNABE CANDELARIA,

        Petitioner - Appellant,

v.

STATE OF UTAH,

        Respondent - Appellee.

No. 08-4088
(D. Ct. No. 2:05-CV-00101-TS)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

     Petitioner-Appellant Bernabe Candelaria, a Utah state prisoner proceeding pro se,
seeks a certificate of appealability ("COA") to appeal from the denial of his habeas
petition under 28 U.S.C. § 2254.  We take jurisdiction under 28 U.S.C. § 1291, DENY
Mr. Candelaria's request for a COA, and DISMISS this appeal.

## I. BACKGROUND

     Mr. Candelaria was convicted by a jury of unlawful sexual activity with a minor
and forcible sexual assault on April 24, 2001.  The Utah Court of Appeals affirmed his
conviction on May 2, 2002.  Mr. Candelaria did not file a petition for certiorari with the
Utah Supreme Court.

     On November 4 and 6, respectively, Mr. Candelaria filed a petition for post-

conviction relief in Utah state court and a federal habeas petition under § 2254 in the United States District Court for the District of Utah, arguing that the jury's verdict was inconsistent and that the prosecution had failed to disclose a police report prior to trial. The state trial court denied the petition for relief, the Utah Court of Appeals affirmed, and the Utah Supreme Court ultimately denied Mr. Candelaria's petition for certiorari on March 18, 2004. While these state post-conviction proceedings were pending, the federal district court dismissed Mr. Candelaria's § 2254 petition without prejudice because he had not yet exhausted state post-conviction procedures.

Mr. Candelaria filed the instant § 2254 petition on February 7, 2005. The district court denied Mr. Candelaria's petition as untimely on May 12, 2008.[1] Mr. Candelaria has filed a timely notice of appeal, which we construe as an application for a COA. *See* Fed. R. App. P. 22(b)(2).

## II. DISCUSSION

A habeas petitioner may not appeal from the denial of his petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a habeas petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

---

[1]The record does not explain the nearly three-year-long gap between the filing of the petition and the court's order of dismissal.

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court correctly dismissed the petition for being untimely. Absent circumstances not present in this case, a habeas petitioner must seek relief within 365 days after his conviction becomes final by the conclusion of direct review or by the expiration of time to seek direct review. 28 U.S.C. § 2244(d)(1). Mr. Candelaria's conviction was affirmed on direct review by the Utah Court of Appeals on May 2, 2002. The deadline to petition the Utah Supreme Court for a writ of certiorari is thirty days. *See* Utah R. App. P. 48(a). Therefore, because Mr. Candelaria did not file a petition with the Utah Supreme Court, his conviction was final and the 365-day period under § 2244(d)(1) began running on approximately June 1, 2003, when the time for seeking direct review expired.

On November 4, approximately 156 days later, Mr. Candelaria filed his state-court petition for post-conviction relief. This tolled the federal habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The period began running again on March 18, 2004, when the state post-conviction process concluded with the Utah Supreme Court denying Mr. Candelaria's petition for certiorari. Mr. Candelaria thus had approximately 209 days to file a § 2254 petition. Because he did not file his petition until February 2005, about four months beyond this

time frame, the district court correctly concluded that the petition is untimely.

The district court issued a show-cause order as to why it should not dismiss Mr. Candelaria's petition. He responded, as he does in his application for a certificate of appealability in this court, that (1) the district court's dismissal of his November 2002 habeas petition for failure to exhaust state remedies should have tolled the statute of limitations until January 2005, when the United States Supreme Court denied his petition for a writ of certiorari to contest Utah's denial of his post-conviction motion; and (2) the merits of his petition warrant an exception to the statute of limitations. We agree with the district court that these contentions do not save his petition from dismissal.

The first argument can be rejected outright, as it is clear that seeking Supreme Court review of a state's post-conviction order does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida*, – U.S. –, 127 S. Ct. 1079, 1083 (2007); *Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999). Further, the district court's dismissal in no way suggested that the time period would be tolled pending Supreme Court review; in fact, the court specifically warned Mr. Candelaria about the statute of limitations if he filed a subsequent § 2254 petition.

The district court construed the second argument as one for equitable tolling. We apply the doctrine of equitable tolling in only rare and exceptional circumstances. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). For example, equitable tolling may be appropriate when the petitioner is actually innocent. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). We will grant a COA on "the District Court's

determination that equitable tolling is inapplicable only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion." *Fleming v. Evans*, 481 F.3d 1249, 1254–55 (10th Cir. 2007). We have considered Mr. Candelaria's cursory assertion that it is within our discretion to excuse his untimely filing if his claims are meritorious, and we conclude it is insufficient to support equitable tolling in this case.

### III. CONCLUSION

Reasonable jurists could not debate that the district court properly dismissed Mr. Candelaria's § 2254 petition as untimely. A COA is therefore DENIED, and this appeal is DISMISSED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge